UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-357-BR-2
No. 5:13-CV-673-BR

| | |
|---|---|
| CURTIS JEFFREY ROBINSON,<br>   Petitioner, | )<br>)<br>) |
| v. | )    O R D E R |
| UNITED STATES OF AMERICA,<br>   Respondent. | )<br>)<br>) |

This matter is before the court for initial review of this 28 U.S.C. § 2255 motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Under this Rule, "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." R. Gov. § 2255 Pro. 4(b).

On 5 December 2011, petitioner pled guilty to conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 and possession of a firearm in furtherance of a crime of violence and aiding and abetting the same in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A). On 7 May 2012, the court sentenced petitioner to a total term of 262 months imprisonment. Petitioner appealed. The Fourth Circuit Court of Appeals affirmed in part and dismissed in part, with its mandate issuing on 13 November 2012. (DE ## 119, 121.) On 23 September 2013, petitioner timely filed the instant motion.

Petitioner advances three claims, all alleging ineffective assistance of counsel. The applicable legal standard for such a claim is well established. Under the principles of Strickland v. Washington, 466 U.S. 668 (1984),

>a meritorious ineffective assistance claim must demonstrate two
>things: first, that counsel's performance was deficient and, second,

> that counsel's deficient performance prejudiced the defense. Under the second prong of *Strickland*'s test, there is a "strong presumption" that counsel's strategy and tactics fall "within the wide range of reasonable professional assistance." For counsel's trial performance to be deficient, he must have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that "counsel's representation fell below an objective standard of reasonableness." To establish prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Under *Strickland,* a reasonable probability is a "probability sufficient to undermine confidence in the outcome."

Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (citations omitted), cert. denied, 122 S. Ct. 2311 (2002).

Petitioner first claims that counsel was ineffective for failing to object to the court's determination of the guideline imprisonment range. (Mot., DE # 128, at 4.)[1] Specifically, he points to the court's determination of his offense level as 29 and his criminal history category as IV. (Id.; see also 5/7/12 Tr., DE # 112, at 5.) He alleges that the court erred by finding that the corresponding imprisonment range was 262 to 327 months, rather than 151 to 288 months, and that counsel should have raised an objection to this error. (Mot., DE # 128, at 5.)

The court did not err in its determination of the guideline imprisonment range. Over defense counsel's objection, the court found petitioner to be a career offender. (5/7/12 Tr., DE # 112, at 5.) As such and because petitioner was convicted of multiple counts, including a violation of 18 U.S.C. § 924(c), his guideline imprisonment range was determined by reference to U.S.S.G. § 4B1.1(c)(2) (2011), which provides in pertinent part that

> the guideline range shall be the greater of—

---

[1]Page citations are to the numbers generated by cm/ecf.

2

Case 5:11-cr-00357-BR   Document 131   Filed 10/09/13   Page 2 of 5

> (A) the guideline range that results by adding the mandatory
> minimum consecutive penalty required by the 18 U.S.C. § 924(c)
> or § 929(a) count(s) to the minimum and the maximum of the
> otherwise applicable guideline range determined for the count(s) of
> conviction other than the 18 U.S.C. § 924(c) or § 929(a) count(s);
> and
> (B) the guideline range determined using the table in subsection
> (c)(3).

In this case, adding § 924(c)'s 60-month mandatory minimum consecutive penalty to each end of the otherwise applicable range of 151 to 188 months, results in a range of 211 to 248 months. The guideline range using the table in U.S.S.G. § 4B1.1(c)(3) (2011) is 262 to 327 months. Because the range under § 4B1.1(c)(3) is greater than the range under § 4B1.1(c)(2)(A), the higher range of 262 to 327 months applies. See U.S.S.G. § 4B1.1(c)(2). There being no error on the part of the court, counsel had no reason to object on this basis and was not deficient. Petitioner's first claim will be dismissed.

Second, petitioner claims that counsel was ineffective for failing to contest the criminal information which charged petitioner with committing Hobbs Act conspiracy within this district and "elsewhere." (Mot., DE # 128, at 5; see also Mem., DE # 128-1, at 6.) As best as the court can discern, petitioner's argument is that he should not have been charged with committing the crime "elsewhere" because no acts allegedly occurred outside of this district, and therefore, venue outside of this district would not be proper. (See Mem., DE # 128-1, at 6-11.)

Generally speaking, a conspiracy may be prosecuted in any district where an act in furtherance of the conspiracy was committed. United States v. Day, 700 F.3d 713, 727 (4th Cir. 2012). "[I]n a prosecution under the Hobbs Act, venue is proper in any district where commerce is affected . . . ." United States v. Bowens, 224 F.3d 302, 313 (4th Cir. 2000) (citing 18 U.S.C. § 1951)). Only a minimal effect on interstate commerce is necessary. United States v. Williams,

3

342 F.3d 350, 354 (4th Cir. 2003). "[T]he robbery of a drug dealer has been found to be the kind of act which satisfies the 'affecting commerce' element of the Hobbs Act . . . ." Id. at 355 (citations omitted).

Here, petitioner acknowledges that he planned to rob a purported drug dealer in this district. (Mem., DE # 128-1, at 8; see also PSR, DE # 86, ¶ 8.) Furthermore, overt acts, i.e., meetings between the undercover agent, confidential informant, petitioner and/or co-conspirators to plan the robbery, were committed in this district. (PSR, DE # 86, ¶¶ 7-9.) Thus, venue is this district is satisfied. It is irrelevant whether venue may have been proper (or improper for that matter) elsewhere. Counsel's performance was not deficient in this regard, and this claim must be dismissed.

Finally, petitioner claims that counsel should have challenged the Hobbs Act charge because the government would have been unable to show an effect on interstate commerce. (Mot., DE # 128, at 7; Mem., DE # 128-1, at 11-12.) Setting aside the applicability of the preceding discussion of petitioner's second claim to this last claim, it is significant to note that as part of his plea, petitioner admitted to "knowingly, intentionally and unlawfully conspir[ing] to obstruct, delay, and effect [sic] commerce by robbery." (12/5/11 Tr., DE # 110, at 25.) The court found that the plea was freely and voluntarily entered, (id.), and the Fourth Circuit Court of Appeals found no plain error in this court's acceptance of the plea, (DE # 119, at 3). Accordingly, petitioner cannot now complain about, and fault counsel for not challenging, something to which he admitted. See United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without

4

holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements."). Alternatively, the court rejects petitioner's argument regarding this claim. That the drug dealer petitioner conspired to rob was a fictitious individual is irrelevant to the interstate commerce inquiry. See United States v. Taylor, 480 F.3d 1025, 1027 (11th Cir.) (affirming the defendant's conviction for Hobbs Act conspiracy and holding that the interstate nexus requirement was satisfied even though the intended victims and narcotics were fictitious), cert. denied, 552 U.S. 855 (2007). (See also PSR, DE # 86, ¶ 7 (describing the purported drug organization that the co-conspirators planned to rob).)

Because petitioner is not entitled to relief on any claim he asserts, the § 2255 motion is DISMISSED.

The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 9 October 2013.

_____
W. Earl Britt
Senior U.S. District Judge

5

Case 5:11-cr-00357-BR   Document 131   Filed 10/09/13   Page 5 of 5